Filed 9/6/24  Young v. Dept. of Public Social Services CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| LORNA YOUNG,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>DEPARTMENT OF PUBLIC SOCIAL SERVICES et al.,<br><br>    Defendants and Respondents. | B329748<br><br>(Los Angeles County Super. Ct. No. BC609911) |

APPEAL from an order of the Superior Court of Los Angeles County, Jon R. Takasugi, Judge.  Affirmed.

Law Offices of Angel J. Horacek, Angel James Horacek and Barbara Duvan-Clarke; Pine Tillett Pine, Norman Pine and Scott Tillett for Plaintiff and Appellant.

Martin & Martin and David S. Miller for Defendants and Respondents.

_____

Plaintiff and appellant Lorna Young appeals from a post-judgment order awarding attorney fees against defendants and respondents Department of Public Social Services (DPSS) and the County of Los Angeles (collectively the County). On appeal, Young contends the trial court abused its discretion by reducing the hours and rates for two attorneys and not applying a multiplier in this routine employment action. No abuse or discretion has been shown, and therefore, we affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

In September 2016, Young filed the operative third amended complaint alleging eight employment-related causes of action, including retaliation in violation of the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.) and retaliation in violation of Labor Code section 1102.5. The trial court sustained the County's demurrer to several of the causes of action without leave to amend and granted the County's motion for summary adjudication of the remaining causes of action. Young appealed and this appellate court reversed the judgment, directing the trial court to enter new orders (1) overruling the demurrer as to the cause of action for retaliation in violation of the FEHA, but sustaining the demurrer in all other respects, and (2) denying the motion for summary adjudication as to the cause of action for retaliation in violation of Labor Code section 1102.5, but granting the motion in all other respects. (*Young v. County of Los Angeles et al.* (Nov. 19, 2020, B294386) [nonpub. opn.].)

After a jury trial in October 2022, the jury returned a special verdict finding in favor of Young on her retaliation causes of action and awarding damages of $3.5 million. The trial court entered judgment on the special verdict on November 29, 2022.

On January 30, 2023, Young filed a motion for attorney fees under Government Code section 12965, Labor Code section 1102.5, subd. (j) and Code of Civil Procedure section 1021. Young presented evidence that over the course of seven years of litigation in the case, her lead attorney, Angel Horacek, worked 1,073.9 hours and had a billing rate of $795 per hour, for a total of $853,750.50. Attorney Barbara DuVan-Clarke worked 743.1 hours at a billing rate of $750 per hour, for a total of $557,325. Paralegal Ryan Kondyra worked 342.6 hours at an hourly rate of $250 per hour for a total of $85,650. Legal assistant Louis Taylor worked 11.9 hours at an hourly rate of $110 for a total of $1,309. The total of the billed hours was $1,498,034.50. Young argued that the trial court could enhance the fee award by a multiplier, and she requested a multiplier of 2.5 for a total attorney fees award of $3,745,086.25. Young argued that the fee request was justified by the lengthy duration of the litigation, the contingent fee basis of the representation, which added risk and delayed payment, and the importance of the case to the public. The fee request attached declarations from experienced attorneys with extensive qualifications who opined that the rates for Young's attorneys were reasonable.

The County opposed the attorney fees motion. The County noted that an award of attorney fees was not mandatory. On its face, the request for attorney fees more than $3.7 million was unreasonable. The hours billed were inefficient and duplicative. Although it may be reasonable to have two attorneys present at

3

trial, it was not reasonable at depositions. Horacek and DuVan-Clarke both billed several hours to take the same depositions. Other entries were inflated, as Horacek billed 26.4 hours for one particular day. She also billed 17 hours for travel to and from court and attending trial, when the trial day was generally seven hours at most. Under the County's analysis, Horacek's hours were overstated by 66.8 hours and DuVan-Clarke's hours were overstated by 20.2 hours.

The County also argued that the hourly rates were unreasonably high because they were based entirely on the attorneys' present rates. No information was presented about the attorneys rates when they were younger and less experienced. The County argued that a federal matrix based on attorneys' rates in the Washington D.C. area should be used to adjust the attorneys' market rates in this case. The County calculated what it argued were reasonable rates for each time keeper for each year using a matrix. Horacek's rate ranged from $414 per hour in 2015 to $687 per hour in 2023; DuVan-Clarke's rate ranged from $388 per hour in 2015 to $666 per hour in 2023; and Kondyra's rate ranged from $150 per hour in 2015 to $214 per hour in 2023.

The County noted that from the beginning of the case until September 2022, defense counsel received $165 per hour, and in October 2022, defense counsel's rate increased to $230 per hour.

The County argued that a lodestar multiplier was not justified. The only factor in favor of a multiplier was the contingent nature of the fee arrangement. The delay in payment was part of the nature of contingent fees. The mere fact of a contingency-fee arrangement did not automatically justify a multiplier. Much of the delay that Young complained about

4

resulted from the County's successful motions attacking defective pleadings and obtaining summary adjudication. Young did not file a single motion to compel discovery. The "importance of the case" was not a factor to be considered, because every FEHA and Labor Code case would qualify, and there was nothing exceptional or unique about the public policy interests in this case to justify a multiplier. Many factors weighed against a multiplier, including that the questions involved in this run-of-the-mill employment retaliation case were not novel or complicated, the award would ultimately fall upon the taxpayers, and the County was successful in many of its motions.

The County argued the trial court should award total attorney fees of $1,093,912.71 as follows: $589,736.13 for Horacek's hours; $431,849.28 for DuVan-Clarke's hours; $71,018.30 for Kondyra's hours; and $1,309 for Taylor's hours.

The County submitted the declaration of attorney David Miller in support of the opposition. Miller described the rates that he charged his clients when he worked in private practice. In his experience as a supervising attorney for a law firm in Woodland Hills from 2014 to 2020, $350 to $400 per hour were reasonable rates charged by comparable civil litigation attorneys in the community. Based on his 25 years of experience in litigation, his opinion was that the rates for Horacek and DuVan-Clarke were greatly overstated, and a reasonable rate for attorney services on a case similar to Young's action by attorneys with the same experience level should not exceed $500 per hour during the relevant time periods.

Young filed a reply. She argued the case was not routine, because it involved two demurrers, three motions to strike, a motion for a protective order, and a motion for summary

adjudication.  She won an appeal.  There was a mistrial, a juror was excused for the appearance of impropriety, a member of the public was excluded from the courtroom, and two jury questions were issued prior to the verdict.

In the reply, Young conceded that five entries were redundant and Horacek's time should be reduced by 41.4 hours, but argued against any further reduction in hours billed.  While acknowledging that two of her attorneys were present at three depositions, Young argued the attorneys had different roles.  Horacek's role was to question the witnesses.  DuVan-Clarke's role varied by deposition:  she was to take notes of the testimony of one witness in order to draft a separate statement to oppose summary judgment; to draft an outline for examination of another witness; and to keep track of exhibits and note the foundation for the exhibits at the third deposition.  Young argued hours billed for post-trial opposition briefs in 2021 were simply mislabeled in the billings, but had been worked in 2022.  She argued the rates were reasonable, because they were the rates paid to these attorneys by their non-contingent fee clients.  Private attorneys of comparable skill and experience charge similar or higher rates for similar litigation.  She argued that under the proper federal matrix, she would be entitled to an hourly rate of $829 in 2022, which would be $845.58 in Los Angeles after accounting for the difference in local pay rates.  She argued that defense counsel's rates were not comparable because the firm appeared to have steady employment litigation work defending the County, and therefore, a different business model.  In addition, defense counsel's rates were substantially lower than other private firms.  Young argued that a multiplier should be awarded because the FEHA matter was taken on a contingent fee

6

basis and any FEHA case supports public policy. Young sought additional fees for preparing the reply to the motion. She submitted the declarations of Horacek and DuVan-Clarke in support of the reply, but neither declaration discussed any of the billing errors identified in the County's opposition.

A hearing was held on the motion for attorney fees on March 22, 2023. Young's counsel argued that the rates requested were the attorneys actual hourly rates. She also argued that the size of the verdict, which the County believed to be excessive, showed the skill of the attorneys involved. She asserted that the attorneys were prevented from taking other work and turned down additional matters against the County because of the nature in which the Young case was litigated. She argued that there should be a reward in the form of a multiplier as an incentive to take contingent fee matters. In addition, the case was important to the public because Young was an employee of a public entity. Young acknowledged that the lodestar amount reflected the attorneys' noncontingent hourly rate, but argued it was simply a starting point to fully compensate the attorneys.

The County argued that the court had discretion to deny the request for attorney fees entirely based on the excessive amount requested. In addition, although the litigation stretched over seven years, it included substantial time when no matters required work due to the pandemic and the appeal. The motions litigated in the case were entirely routine. Young prevailed, which entitled her to fees, but not every prevailing party was entitled to a multiplier.

In a written ruling issued first as a tentative, and then adopted after argument, the court awarded $1,054,494 as reasonable attorney fees. The court stated that after

consideration of the relevant factors, including the direction of the litigation, the difficulty of the litigation, and the skill required, the Court finds the hourly rates claimed to be unreasonable hourly rates for attorneys and paralegals of similar skill and experience. Rather, in light of the relevant factors, the Court adjusted the rates to $600 for Horacek's work, $550 for DuVan-Clarke, and $150 for Kondrya.

The court clarified during oral argument, however, that the reduction of the hourly rates requested did not reflect the court's perception of the attorneys or their success at trial. The court stated that Young's attorneys did a "phenomenal job." The reduction reflected the court's view of the overall value of services rendered in this type of work. The court stated that the billing rates of Young's attorneys were not consistent with the court's understanding of the fee scales of people doing this type of employment litigation.

The court noted that its review of the billing records showed the billings were mostly reasonable, but there was evidence of padding, unnecessary billings, and duplicative work. The trial court provided several examples. "In sum, the Court agrees with Defendant's calculation that the entries of Ms. Horacek are overstated by 66.8 hours, and the entries of Ms. DuVan-Clarke are overstated by 20.2 hours. Accordingly, the Court reduces the lodestar amount from $1,498,034.50 to $1,054.494."

The trial court declined to apply a multiplier. The court stated that the hourly rates captured the skill displayed and the contingent nature of the fee award. A multiplier would be duplicative, and the trial court's analysis of the relevant factors did not justify an enhancement award.

8

# DISCUSSION

## A.  Applicable Law and Standard of Review

"Under the FEHA, 'the court, in its discretion, may award to the prevailing party . . . reasonable attorney's fees and costs.' (Gov. Code, § 12965, subd. (c)(6).)  'Because fee awards to prevailing FEHA plaintiffs promote the important public policy in favor of eliminating discrimination in the workplace [citation], a " 'prevailing plaintiff "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." ' "  [Citations.]  " 'A fee request that appears unreasonably inflated is a special circumstance permitting the trial court to reduce the award or deny one altogether.' " [Citation.]'  [Citations.]"  (*Snoeck v. ExakTime Innovations, Inc.* (2023) 96 Cal.App.5th 908, 920 (*Snoeck*).)

" 'In order to calculate an attorney fee award under the FEHA, courts generally use the well-established lodestar method. The lodestar amount is simply the product of the number of hours spent on the case, times an applicable hourly rate.'  [Citations.]  ' "The trial court then has the discretion to increase or reduce the lodestar figure by applying a positive or negative ' "multiplier" ' based on a variety of factors." '  [Citations.]  Those factors include, among others, the novelty and difficulty of the issues presented, the skill demonstrated in litigating them, and the contingent nature of the fee award."  (*Snoeck, supra*, 96 Cal.App.5th at pp. 920–921.)

The trial court must evaluate the hours reasonably expended.  (*Snoeck, supra*, 96 Cal.App.5th at p. 921.)

9

"Nevertheless, '[a] trial court is not required to state each charge it finds reasonable or unreasonable.  A reduced award might be fully justified by a general observation that an attorney overlitigated a case.'  [Citation.]"  (*Ibid.*)  A court may simply cut the number of hours or the lodestar by a percentage.  (*Ibid.*)
" 'But the court must clearly explain its reasons for choosing the *particular* negative multiplier that it chose; otherwise, the reviewing court is unable to determine that the court had valid, specific reasons for its across-the-board percentage reduction.'  [Citation.]  The trial court is not required to issue a statement of decision with regard to a fee award, however."  (*Ibid.*)

' "We review attorney fee awards for abuse of discretion.  An experienced trial judge is in the best position to evaluate the value of professional services rendered in the trial court.  We presume the fee approved by the trial court is reasonable.  We will not disturb the trial court's judgment unless it is clearly wrong.  The burden is on the objector to show error.'  [Citation.]  'No established criteria calibrate the precise size and direction of the multiplier, thus implying considerable deference to [the] trial court decisionmaking about attorney fee awards.'  [Citation.]"  (*Snoeck*, *supra*, 96 Cal.App.5th at p. 921.)

"Moreover, 'this court must presume that the trial court considered all factors in reaching its decision, "even though the court may not have mentioned or discussed them in its written ruling." '  [Citation.]  We have 'no authority to disturb the trial court's factual findings if they are supported by substantial evidence.'  [Citation.]"  (*Snoeck, supra*, 96 Cal.App.5th at p. 921.)

## B.  Application

### 1.  No Public-Interest Limitation on Discretion

On appeal, Young contends the standard of review for an attorney fee award in a FEHA case is not the traditional deferential abuse of discretion standard, but somehow shows a preference for the plaintiff, relying on *Serrano v. Unruh* (1982) 32 Cal.3d 621, 642 (*Serrano*), as well as cases that do not address the standard of review.  *Serrano*, which involved a private attorney general action, does not stand for the proposition advanced by Young.  The *Serrano* court rejected the argument that fee awards to attorneys working for public-interest organizations on a salaried basis should be tied to their salaries, and not be calculated based on prevailing rates for comparable attorneys.  The *Serrano* court commented that if an award based on prevailing rates were to be deemed a windfall to the organizations employing salaried attorneys, such a windfall would warrant less scrutiny that the hourly rates set by private counsel working in for profit firms.  (*Ibid.*)  In this case, Young is simply challenging the court's determination of the prevailing rate and makes no argument that the court set its rates based on the improper method rejected in *Serrano*.  Neither the County nor Young is arguing that any attorney received a windfall, and the *Serrano* court's comment on the relative level of scrutiny to

11

compare awards based on how different organizations compensate attorneys has no relevance to our analysis.

## 2. Reduction of Hours Worked

Young contends the trial court abused its discretion by deducting 66.8 hours of Horacek's time and 20.2 hours of DuVan-Clarke's time. We find the trial court's findings are supported by substantial evidence. Young admits 41.4 hours of time had been incorrectly billed. With respect to the hours in dispute, while Young asserted that certain billings for post-trial motions were simply mistakenly included in the wrong year, Young failed to provide the trial court with admissible evidence correcting the errors. With respect to the court's determination that fees incurred for the time of second attorney to attend three depositions were not reasonable, but rather duplicative and unnecessary, we find no abuse of discretion. The trial court was entitled to find, based on the court's experience, that the explanations given for attendance by DuVan-Clarke (note taking, tracking exhibits, preparing examination outlines, and preparing summary judgment papers) were not persuasive; we note it would certainly be reasonable to conclude that these same tasks could have been accomplished by obtaining a reporter's transcript and preparing materials from them without billing for

attendance at the depositions themselves, or using paralegal assistance for some of the tasks.

### 3. Reasonable Hourly Rates

Young contends the trial court's findings on the reasonable hourly rates to apply in this case are not supported by the evidence. We disagree. The court found the reasonable hourly rate for Horacek's work in this case was $600 and the reasonable hourly rate for DuVan-Clarke's work was $550. These findings were supported by the evidence, which would have supported even lower hourly rates. The County submitted a declaration in which defense counsel stated his experience between 2014 to 2020, that rates of $350 to $400 per hour were reasonable rates charged by comparable civil litigation attorneys in the community. Defense counsel opined that a reasonable rate for attorney services on a case similar to Young's, by attorneys with the same experience level, should not exceed $500 per hour during the relevant time periods. The trial court is in the best position to evaluate the reasonableness of the hourly rate based on the court's experience. The fact that Young's evidence would have supported different hourly rates is irrelevant on appeal; Young merely seeks to have this court reweigh the evidence, which is the province of the trial court. We note that in *Snoeck*, *supra*, 96 Cal.App.5th at p. 914, the trial court found similar rates of $750, $600, and $535 to be reasonable for attorney services in that FEHA action. In this case, the trial court carefully considered the appropriate hourly rates based on the court's experience with similar routine employment litigation and the rates assigned were well within the bounds of reason. No

abuse of discretion has been shown as to the hourly rates for the attorneys' services.

### 4. Multiplier

Young contends the trial court abused its discretion by declining to award a multiplier. We disagree.

"[T]he lodestar is the basic fee for comparable legal services in the community[.]" (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1132 (*Ketchum*).) The trial court, in its discretion, may apply a positive or negative multiplier to adjust the lodestar calculation to account for factors in the case, such as "(1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, (4) the contingent nature of the fee award. [Citation.] The purpose of such adjustment is to fix a fee at the fair market value for the particular action. In effect, the court determines, retrospectively, whether the litigation involved a contingent risk or required extraordinary legal skill justifying augmentation of the unadorned lodestar in order to approximate the fair market rate for such services. The ' "experienced trial judge is the best judge of the value of professional services rendered in his court, and while his judgment is of course subject to review, it will not be disturbed unless the appellate court is convinced that it is clearly wrong." ' [Citation.]" (*Ibid*; *Snoeck*, *supra*, 96 Cal.App.5th at p. 911.)

" 'As to the skill of the attorneys in litigating the case, that factor necessarily is reflected in the lodestar figure. The more skillful and experienced the attorney the higher his or her hourly

charges will be.  It follows that the skill of an attorney will justify enhancing the lodestar figure only if the skills exhibited are beyond those that might be expected of attorneys of comparable expertise or experience.' (*Weeks v. Baker & McKenzie* (1998) 63 Cal.App.4th 1128, 1176.)  Our high court similarly cautioned, '[A] trial court should award a multiplier for exceptional representation only when the quality of representation far exceeds the quality of representation that would have been provided by an attorney of comparable skill and experience billing at the hourly rate used in the lodestar calculation.' (*Ketchum, supra,* 24 Cal.4th at p. 1139.)" (*Snoeck, supra,* 96 Cal.App.5th at p. 928.)

The trial court was in the best position to assess the quality of the services provided by the attorneys before the court.  The court concluded the lodestar captured the fee for comparable attorney services in the area and adequately compensated for the contingency nature of the fee arrangement.  There were no novel questions presented or any particular difficulty to this routine employment dispute.  The court praised Youngs' attorneys for their work, but felt the lodestar amount captured the skills displayed and the contingent nature of the fee award.  The trial court's conclusion that a multiplier was not required to calculate a reasonable attorney fee award was carefully considered and within the bounds of reason for this matter.

15

## DISPOSITION

The post-judgment order awarding attorney fees is affirmed.  Respondents Department of Public Social Services and the County of Los Angeles are awarded their costs on appeal.

NOT TO BE PUBLISHED.


MOOR, J.


We concur:


BAKER, Acting, P. J.


KIM, J.

16